IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEOSONICS, INC., <br> D.T. FROEDGE, <br><br> Plaintiffs, <br><br> v. <br><br> AEGEAN ASSOCIATES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 14-1535-GMS |

## **ORDER**

WHEREAS, on March 14, 2014, the plaintiffs GeoSonics, Inc. ("GeoSonics") and Mr. D.T. Froedge ("Froedge") brought this action for breach of contract against Aegean Associates, Inc. ("Aegean"). (D.I. 1)[1];

WHEREAS, on September 8, 2014, Aegean filed a motion to dismiss for failure to state a claim for which relief can be granted and an accompanying brief. (D.I. 13, 14).[2]

---

[1] GeoSonics and Aegean were parties to a contract ("The Consulting Agreement") that provided GeoSonics with access to Aegean's software, source code, and services. (D.I. 1 at 4.) GeoSonics argues that Aegean's breach occurred when Aegean stated that it would discontinue services if GeoSonics did not agree to the terms of a new contract. (*Id.* at 6-7.) GeoSonics argues that Aegean was aware that GeoSonics could not operate its business without access to its services. (*Id.* at 8.) Therefore, GeoSonics claims it had no choice but to agree to the new terms that Aegean proposed in November 2013 and that on March 4, 2014 it entered a new contract with Aegean ("The Assignment Agreement") under economic duress. (*Id.* at 10.) GeoSonics further argues that based upon the parties' conduct and course of dealing over 23 years, GeoSonics possessed an irrevocable, implied license in the custom work delivered by Aegean. (*Id.*)

[2] Aegean argues that (1) the complaint fails to state a claim for breach of contract because the 1990 Consulting Agreement was fully performed and did not transfer any copyrights, (D.I. 14 at 7-11), (2) the complaint fails to state a claim for unjust enrichment because the subject matter of the dispute is governed by an express contract, (*id.* at 11-12), and (3) the complaint fails to state a claim for declaratory judgment because entering into the 2014 copyright assignment could not breach the 1990 consulting agreement. (*Id.* at 12.)

1

WHEREAS, having considered the party's positions as set forth in their papers, the pleadings, as well as the applicable law;

IT IS HEREBY ORDERED that:

1. Aegean's motion to dismiss for failure to state a claim, (D.I. 14), is GRANTED.[3]

---

As originally briefed, Aegean also requests that the court dismiss the complaint for lack of personal jurisdiction. (D.I. 14 at 12-15.) The brief was filed before Judge Hornak in the Western District of Pennsylvania and subsequently transferred to the District of Delaware as a result of a forum selection clause in the Assignment Agreement. (D.I. 33 at 11.) The court need not address Aegean's personal jurisdiction argument as it does not apply to this court.

[3] Aegean correctly argues that the parties freely entered into a valid contract. This was not a case of duress. A party alleging actionable duress must plead "(i) a wrongful act; (ii) which overcomes the will of the aggrieved party; and (iii) that he has no adequate legal remedy to protect himself." *Bakerman v. Sidney Frank Importing Co.*, No. CIV.A. 1844-N, 2006 WL 3927242, at *15 (Del. Ch. Oct. 10, 2006). To meet the standard for a duress claim, a plaintiff must establish that "the coercive conduct creates or takes advantage of an exigent circumstance such that the victim could not reasonably be expected to resist and seek legal relief to protect his interests." *Id.* Here, the court cannot agree that the simple fact that GeoSonics feared losing access to software and programs created circumstances amounting to duress. First, GeoSonics fails to allege a wrongful act. Moreover, the potential loss of business in this case is insufficient to have overcome GeoSonics' will such that it could not resist. The court agrees with Judge Hornak's analysis that there was no economic duress because GeoSonics was free to consult with counsel during negotiations of the Assignment Agreement and had adequate legal remedies available as alternatives to executing the 2014 agreement. (D.I. 33 at 8-10) (footnotes omitted). The court will not intervene where, as here, two sophisticated parties have negotiated and entered into a valid contract.

Having founding that a new contract existed, GeoSonics' breach of contract claim must also fail. In order to survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must demonstrate: "first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *Winston v. Mandor*, 710 A.2d 835, 840 (Del. Ch. 1997). Here there was no breached obligation. Rather, the parties negotiated the terms of a new contract.

Nor can a claim of unjust enrichment survive in this case. "When the complaint alleges an express, enforceable contract that controls the parties' relationship ... a claim for unjust enrichment will be dismissed." *Bakerman v. Sidney Frank Importing Co.*, No. CIV.A. 1844-N, 2006 WL 3927242, at *18 (Del. Ch. Oct. 10, 2006) (citing *Wood v. Coastal States Gas Corp.*, 401 A.2d 932, 942 (Del. 1979). GeoSonics states facts which support the conclusion that the two parties are performing according to the terms of a valid contract. These facts will not support a claim of unjust enrichment.

The court agrees with Aegean that no issues of material fact exist that prevent granting a motion to dismiss in this case. GeoSonic's complaint fails to state a claim upon which relief can be granted.

Dated: February 12, 2016

_____
UNITED STATES DISTRICT JUDGE

3